IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAGUAS LUMBER YARD INC., D/B/A FERRETERIA MASSO DE CAGUAS, FERRETERIA MASSO VILLA, FERRETERIA MASSO CUPEY, FERRETERIA MASSO HATILLO, FERRETERIA MASSO PLAYA, FERRETERIA MASSO BAYAMON, MODELOS MASSO AND ALMACEN MASSO DE CAGUAS, and MASSO EXPO, CORP. D/B/A FERRETERIA MASSO SAN LORENZO, also D/B/A FERRETERIA MASSO CAYEY,<br><br>    Plaintiffs,<br><br>        v.<br><br>ACE HARDWARE CORPORATION, ACE HARDWARE INTERNATIONAL HOLDING, LTD.,<br><br>    Defendants. | CIVIL NO. 11-1684 (GAG/CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Caguas Lumber Yard d/b/a Ferretería Massó (hereafter plaintiff "Caguas Lumber Yard") is a corporation doing business operations through several entities and store sites in the Commonwealth of Puerto Rico. Defendant Ace Hardware Corporation is a corporation under the laws of Delaware, with principal place of business in Oak Brook, Illinois. Defendant Ace Hardware International Holding, LTD is a newly created foreign company organized with limited liability and existing under the laws of Bermuda. (Docket

No. 1, p. 3, ¶4; p. 4 ¶6). Both corporations will be referred hereafter as "defendant Ace Hardware."

Plaintiff Caguas Lumber Yard filed this action against defendant Ace Hardware under diversity jurisdiction in regards with the breach of contract and wrongful termination of its dealers' contract, pursuant to Law No. 75 of June 24, 1964. 10 L.P.R.§278, and the Puerto Rico Civil Code. (Docket No. 1).

On October 3, 2011, defendant Ace Hardware filed a Motion for Change of Venue under 28 U.S.C. §1404. (Docket No. 11). On the same day, the motion for change of venue was referred to this Magistrate Judge for disposition noting the Magistrate Judge can rule on said motion and grant or deny the transfer of venue, given that this motion is "non-dispositive" in nature, as per 28 U.S.C. sec. 636. *See e.g.*, Whitney Lane Holdings, LLC v. Don Realty, LLC, 2009 WL 6315323 at *17 n. 33 (N.D.N.Y Oct. 27, 2009); Pemrick v. Stracher, 1992 WL 697636 at *1 (N.D.N.Y. Mar. 27, 1992). (Docket No. 12).

On October 11, 2011, defendant Ace Hardware filed a Motion Requesting Dismissal under Rule 12(b)(3) or in the alternative for Change of Venue under 28 U.S.C. Sec. 1404. (Docket No. 20). In this motion, defendant Ace Hardware raises a dismissal request for the first time and re-instates its prior request for change of venue as raised in Docket No. 11. On November 1, 2011, plaintiff Caguas Lumber Yard filed its response in opposition to defendant's request for dismissal and/or for change of venue. (Docket No. 26).

On October 26, 2011, the second motion for change of venue and/or dismissal was referred to this Magistrate Judge for disposition and/or report and recommendation. The

undersigned was asked first to address the non-dispositive matter, *ie*, the change of venue or transfer to another district. If warranted, there would be no need to address the dismissal matter. (Docket No. 24).

Pursuant to the above mentioned referrals, the original change of venue request (Docket No. 11) is hereby addressed first via this Opinion and Order inasmuch as the matter is non-dispositive. Since the change of venue is unwarranted as discussed below, the dismissal request (Docket No. 20) will be discussed in a separate report and recommendation for it being dispositive in nature.

## LEGAL DISCUSSION

**A.     Background in general:**

Defendant Ace Hardware submits in its motion requesting dismissal under Fed.R.Civ.P. 12(b)(3) or in the alternative, for change of venue under Section 1404(a), there is a prior action to the present case which was filed on April 28 2011, in the United States District Court for the Northern District of Illinois, involving the same business relationship and the parties that are present in this federal court.

In the Illinois case, ACE International, as assignee of herein defendant Ace Hardware, seeks redress for breach of contract and collection of monies from plaintiff Caguas Lumber Yard arising from the same agreements as in the action filed in this federal

court. It is defendant Ace Hardware's contention that plaintiff Caguas Lumber Yard may file the present action as a counter-claim in the Illinois case for which dismissal herein will be appropriate.[1]

In the alternative, defendant submits that, under Section 1404(a), change of venue is the proper course of action for the Illinois case was filed first. In addition, defendant claims that convenience and judicial efficiency also favor the district of Illinois.

A perusal of the grounds for the claims between plaintiff Caguas Lumber Yard and defendant Ace Hardware, in summary, shows the following:

- Throughout the years since 1980, Ace Hardware and plaintiff have entered into Membership Agreements for the purchase of Ace products for resale in plaintiff's stores in Puerto Rico. These Membership Agreements are the ones subject of the Verified Complaint filed in this district.

- On January 2011, plaintiff's Membership Agreements were assigned by Ace Hardware to Ace International which plaintiff consented to.

- Ace Hardware's world-wide headquarters and its principal place of business through the entire duration of its relationship with plaintiffs have been in Oak Brook, Illinois.

- All Ace Hardware's and Ace International's decisions with respect to plaintiff were made in Illinois.

---

[1] The dismissal request (Docket No. 20) will be addressed in a separate report and recommendation as above mentioned.

- Plaintiff has directed correspondence and contractual payments related to the Agreements from Puerto Rico to Illinois.

- Plaintiff, being a corporation under the laws of Puerto Rico, has been since 1987 the sole and exclusive dealer in Puerto Rico of Ace Hardware.

- Plaintiff has been eligible thereunder to purchase merchandise and use the "ACE" trademark and brand name, holding shares of stock and entitled to receive patronage dividends which are distributed on a yearly basis.

- Plaintiff and Ace Hardware agreed, to secure payment of any indebtness, the latter will retain a first lien upon and a right of set-off against all moneys paid on the subscription and upon all shares of capitol stock issued to plaintiff.

- During the past twenty-four (24) years, plaintiff developed a clientele for ACE's products in the Puerto Rico market.  Meanwhile, plaintiff has also ordered products from Ace, maintained an inventory of said products in its warehouse in Puerto Rico, sold and distributed these products, marketed and advertised the products, took the risk in the sale of the products, among others, to maintain "ACE" brand and goodwill by clients and consumers in Puerto Rico.

- Substantial part of the events giving rise to plaintiff's claims against defendants occurred in Puerto Rico.  Plaintiff's Verified Complaint refers to the annulment of the Subscription Agreement and Collateral Notice of Termination and Letter of Director, as well as Assignment and Amendment

Agreement which plaintiff claims was signed under intimidation and coercion from defendants around December 1, 2010.

**B.    Change of Venue under Section 1404.**

Defendant Ace Hardware has submitted that change of venue should be allowed under Section 1404(a), which provides: (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §1404(a).

This provision is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *See* Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988). Congress adopted this statute "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)(*quoting* Continental Grain Co. v. The Barge F.B.L. 585, 364 U.S. 19, 26 (1960)).[2]

In a motion to transfer under section 1404(a), there is a presumption in favor of plaintiff's choice of forum; thus, the federal courts utilize different factors to decide a motion for transfer thereunder. The party seeking transfer has the burden of proof. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000)(*citing* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). Some courts divide the factors into private and public categories, as is

---

[2] Since 1948, federal courts have relied on §1404(a)'s statutory authority when transferring cases between domestic courts. Congress enacted 1404(a) in 1948 permitting a "change of venue" between United States district courts for the "convenience of parties and witnesses.

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 7

done in considering a motion to dismiss for *forum non conveniens*. *Id*. Other circuit courts, including the First Circuit Court of Appeals, do not. *See* 15D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice And Procedure* § 3847 (3ed. 2008).

The district court must decide the issue of transfer after considering and balancing a number of case-specific factors. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. at 29. The First Circuit Court of Appeals has held that the following factors should be considered: (1) the convenience of the parties and the witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction. Coady, 223 F.3d at 11; Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

The first factor is composed of two parts. The first part, the convenience of the parties. The parties in this case are located in Puerto Rico and Illinois. Plaintiff Caguas Lumber Yard is a resident of the Commonwealth of Puerto Rico where its several business sites are located. (Docket No. 1, p. 3). Defendant Ace Hardware is a Delaware corporation with its main offices in Illinois. (*Id*., p. 6).

The second part, the convenience of the witnesses. Defendant Ace Hardware has submitted all of its documents and witnesses reside and/or are located in Illinois. Defendant Ace Hardware had previously identified in Exhibit 1, included to its first motion for change of venue, the list of its witness, together with the subject matter of their testimony. (Docket No. 11, p. 6; Exhibit 1). It reinstated said position with its Motion Requesting Dismissal under Rule 12(b)(3) or in the alternative for Change of Venue.

(Docket No. 20; p. 15). Defendant Ace Hardware also submits the relevant documents to this action include more than a quarter century of files (most of which are not kept electronically), broken down separately for each store, all of which are located in Illinois. (*Id.*, p. 15).

Plaintiff Caguas Lumber Yard has failed to address these categories of requirements, failing to provide, or identify by name or address its witnesses or the availability of documentary evidence required, resting mainly on the premise that Section 1404 is not applicable to this case for defendants are contractually estopped from filing suit in Illinois. As such, defendant Ace Hardware is considered to have prevailed *prima facie* as to convenience of the parties upon plaintiff's default in addressing the above items.

In addition to the convenience of the parties and witnesses and the availability of documents, other factors to be considered in regards to venue include the possibility of consolidation and the order in which the district court obtained jurisdiction. Coady v. Ashcraft & Gerel, 223 F.3d at 11. (The Court of Appeals set aside the district court ruling which ran counter to a principal concern behind the first-filed rule and venue transfer under Section 1404(a) of preventing duplication of efforts and incompatible rulings).

Insofar as the third factor, the possibility of consolidation, defendant Ace Hardware informs that another case, involving herein plaintiff and defendant and related to the same documents as to their contractual relationship was previously filed in the federal court in Illinois. The same contracts are central to both lawsuits and judicial economy and efficiency

would favor the transfer of the present action to the first-filed suit which was commenced in Illinois.

The subject matter of the action before this federal court, in addition to a claim under the Dealers' Act (Law No. 75), also includes breach of contract and breach of the covenant of good faith and fair dealing, among others, on the grounds of the same documentation.

A main concern related to this factor is "preventing duplication of effort and incompatible rulings." Coady, 223 F.3d at 11. The First Circuit Court of Appeals has held that "where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp., 814 F.2d at 11 (*citing* Codex v. Milgo Elec. Corp.,553 F.2d 735, 737 (1st Cir. 1977)); *see also*, Coady, 223 F.3d at 11.

Defendant Ace Hardware avers the first-filed rule should apply towards the transfer of this action to the Illinois federal court for Ace first filed its breach of contract action in Illinois in state court on April 28, 2011, which was removed to federal the court, to wit, the United States District Court for the Northern District on June 9, 2011.  The instant action by plaintiff Caguas Lumber Yard was filed in the federal court in the Commonwealth of Puerto Rico at a later date, July 14, 2011.

Thereafter, defendant Ace Hardware submitted the opinion and order issued by said Illinois federal court holding that personal jurisdiction lies in Illinois and denying the transfer of the Illinois action to Puerto Rico as therein requested by plaintiff Masso Expo Corp., and Caguas Lumber Yard.  (Docket No. 22).  Succinctly, although said court

considered therein the first-filed rule and determined it had no significant bearing on its decision, examination of Section 1404(a) calculations prevailed in determining not to transfer said case to Puerto Rico. The opinion and order also raised the caveat that the concerned party, that is, Caguas Lumber Yard, raised no citation in support of its contention that Puerto Rico law prohibits therein Ace Hardware from suing defendant Caguas Lumber Yard in Illinois, wherein the Membership Agreement, as conceded by the parties, is but a permissive forum selection clause, venue was proper in Illinois and the court held personal jurisdiction as to all the parties to the lawsuit.[3]

## C.  Law No. 75 - Non-Waiver of Forum or Choice-of-Law.

Regardless of the seemly initial application of the provisions of Section 1404 as to change of venue presented by defendant, the Law No. 75 contract and its applicable legal provisions do not allow the present case to be transferred to Illinois. We explain.

Defendant submits the Illinois federal court is well suited to entertain the dealers' contract claim of plaintiff under Puerto Rico Law No. 75 for the choice of law of the applicable Law No. 75 of the Commonwealth of Puerto Rico could be also dealt in Illinois.

On the other hand, plaintiff herein Caguas Lumber Yard opposes the transfer of this action to Illinois averring defendant is precluded contractually from bringing this Law No. 75 claim in Illinois. Plaintiff Caguas Lumber Yard argues that the Membership Agreement between plaintiff and defendant as assignee provides that suit may be filed in Illinois

---

[3] Civil Case No. 11-3928, U.S. District Court Northern District of Illinois, Eastern Division; Opinion and Order issued by District Judge Amy J. St. Eve, dated October 25, 2011. Nevertheless, that Opinion, dealing with a collection of monies claim by defendant Ace, did not examine the prohibition of Law No. 75, as to forum-selection or choice-of-law and the no possibility of a waiver even if incorporated in the Membership Agreement.

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 11

---

"unless institution of such suit in Illinois is prohibited by the laws of the jurisdiction in which the licensed location is situated."[4] Plaintiff submits that the Puerto Rico Dealers' Act or Law No. 75, which is incorporated into the Membership Agreement as the law of the jurisdiction of the dealer, does not allow for any choice-of-forum provisions in the contract as the same is contrary to public policy in the enactment of said provision. Plaintiff further claims the jurisdiction of the Commonwealth of Puerto Rico, that is, where the license location is situated, prohibits any waiver of forum selection or choice of law when dealing with Law No. 75 cases. It is clear that Law No. 75 contains specific provisions against enforcement of choice-of-law and choice-of-forum clauses in the distribution/dealership contracts.[5] According to plaintiff, Law No. 75, provides that the right of a Puerto Rico dealer to have any claims under a dealership contract brought in Puerto Rico and resolved under Puerto Rico law cannot be subject to waiver. 10 P.R. Laws Ann. §278(c).[6]

In a similar vein, when examining Law No. 21 (which is one modeled on the Puerto Rico Dealers' Act or Law No. 75) same was considered to forbid a forum selection clause but

---

[4] Plaintiff submits all relevant Membership Agreements contain a clause identical or substantially similar to this one.

[5] Art. 3B of Law No. 75 provides: "The dealer's contracts referred to in this chapter shall be interpreted pursuant to and ruled by the laws of the Commonwealth of Puerto Rico, and any other stipulation to the contrary shall be void. Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void."

[6] A few instances where litigation of Law No. 75 is allowed outside the jurisdiction of the state or federal courts in the district of Puerto Rico refer to application of the Federal Arbitration Act, which prevails over state matters, or as to parties who had not raised objections for litigation in other districts. See Unisys Puerto Rico, Inc. v. Ramallo Bros. Printing, Inc., P.R. Offic. Trans., June 28, 1991, 128 D.P.R. 842 (1991) (citing to World Films, Inc. v. Aramount Pict. Corp., 125 D.P.R. ___ 1990 (providing the P.R. Dealer's Contract Act, No. 75, is in conflict with the Federal Arbitration Act, and the latter shall prevail).)

not a choice of law. As to Law No. 75, however, the Court of Appeals for the First Circuit finds it to contain a prohibition on choice of law clauses and on forum selection clauses. *See* Rafael Rodríguez Barril, Inc. v. Conbraco Industries, Inc., 619 F.3d 90, 93, n. 4 (1st Cir. 2010).[7]

Consonant with defendant's submission for change of venue, where identical factors are proceeding concurrently in two federal courts, entailing duplicative legislation and waste of judicial resources, first-filed action is generally to be preferred in a choice-of-venue decision. Cianbro Corp., 814 F.2d at 11. Moreover, as argued by defendant, we have found some federal courts which have allowed for Law No. 75 actions to be entertained in other jurisdictions as well.[8]

Similarly, we recognize that, regardless of plaintiff's arguments that Law No. 75 governs the question of the termination of the agreement and that Puerto Rico courts are better suited than an Illinois one to hear the case, courts in one forum are oftentimes called upon to make rulings based upon the laws from another forum. Thus, this claim between parties on Law No. 75 would not result in the first time that a court outside of Puerto Rico has heard a Law No. 75 claimo. *See, e.g.*, Caribbean Wholesales and Service Corp. v. U.S.

---

[7] By contrast, Law 75, upon which Law 21 was modeled, Re-Ace, Inc. v. Wheeled Coach Indus., Inc., 363 F.3d 51, 57 (1st Cir. 2004), includes both a prohibition on choice of law clauses and a prohibition on forum selection clauses. Law 75 provides: "Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void." Conbraco, 619 F.3d at 94.

[8] Hilti Inc. v Oldach, 392 F.2d 368 (1st Cir. 1968) (allowing for arbitration of Law No. 75 issues in Connecticut as not contrary to public policy of the Puerto Rico dealers' act). Puerto Rico statute was preempted by federal law declaring arbitration agreements valid and enforceable. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 723 F.2d 155 (1st Cir. 1983). (rejecting that Section 278b-2 of the Puerto Rico law which does not recognize any arbitration agreement that obligates a dealer to ... arbitrate any controversy ... regarding the dealer's contract outside of Puerto Rico, or under foreign law or rule of law). *See* 10 L.P.R.A. §278b-2.

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 13

---

JVC Corp., 101 F.Supp.2d 236 (S.D.N.Y.2000) (diversity action removed from state court in Puerto Rico and transferred to S.D.N.Y under Puerto Rico's Dealer's Contract Act); Harley-Davidson Motor Co. v. Motor Sport, Inc., 6 F.Supp.2d 996 (E.D.Wis.1998) (declaratory judgment under Puerto Rico Dealer's Act); Hancor, Inc. v. Inter American Builders Agencies, Co., 1998 WL 239283 (N.D.Ohio March 19, 1998) (Finding no authority for defendant's proposition which gives exclusive jurisdiction to the courts in Puerto Rico as to Law No. 21 or Act No. 75 that forum selection clause questions should be determined by the courts of Puerto Rico); Whirlpool Corp. v. U.M.C.O. Int'l Corp., 748 F.Supp. 1557 (S.D.Fla.1990); Gemco Latinoamerica, Inc. v. Seiko Time Corp., 685 F.Supp. 400 (S.D.N.Y.1988). *See* Outek Caribbean Distributors, Inc. v. Echo, Inc., 206 F.Supp.2d 263, 269 (D. Puerto Rico 2002) (forum selection clause in distributorship agreement required transfer to Illinois of Puerto Rico distributor's action against Illinois manufacturer for wrongful termination of agreement).

Nevertheless, none of these former cases rebuts the Court of Appeals for the First Circuit in Conbraco in which it ruled that indeed Law No. 75 prohibits, based on public policy considerations, the choice-of-forum or the choice-of-law in Law No. 75 actions and that none of these two is waivable.[9]

Furthermore, the Law No. 75 Membership Agreements serving as grounds for the dealership relation between herein plaintiff Caguas Lumber Yard and Ace defendant, as stated by the parties, contain reference that the suit may be filed in Illinois "unless

---

[9] Conbraco was examined at district level and considered not binding precedent upon being *dicta*. Puerto Rico Surgical Technologies, Inc. v. Applied Medical Distribution Corp., slip copy 2010 WL 4237927 (D. Puerto Rico 2010).

institution of such suit in Illinois is prohibited by the laws of the jurisdiction in which the licensed location is situated".[10]  It is clear from case law interpretation that public policy and the provisions of Law No. 75 clearly prohibit choice-of-law and forum selection clauses to be enforced with few exceptions.

This district court has recognized the strong public policy of Puerto Rico as to protection of dealership contracts, such as the one in the instant at bar, as well as for sales representatives' contracts.  González v. Hurley Intern, Inc., slip op. 2011 WL 4856454 (D. Puerto Rico 2011).  Furthermore, Illinois does not recognize choice-of-law clauses in contract between domestic distributors and foreign ones for it requires application of Illinois substantive law to distributorships.  Stawski Distributing Co. v. Browary Zywiec S.A., 349 F.3d 1023 (7th Cir. 2003).[11]  Illinois accepts a choice-of-law clause as long as the contract is held valid and the law chosen is not contrary to Illinois' fundamental public policy.  Thomas v. Guardsmark, Inc., 381 F.3d 701 (7th Cir. 2004).[12]

---

[10] The parties have not discussed there is a clear and unambiguous forum selection clause in the Membership Agreement.  Rather, the defendant's contention is the agreement, as all other Membership Agreements, contains the provision that the suit may be filed in Illinois "unless institution of such suit in Illinois is prohibited by the laws of the jurisdiction in which the licensed location is situated".  As such, there is no need to further address as an exception to the public policy of Law No. 75 enforcement of a choice of forum provision between the parties.

[11] Choice of law clause in contract was held invalid under Illinois law which required application of Illinois substantive law to Illinois distributorships, although it does not foreclose international arbitration under the choice-of-forum clause of the contract between the parties.

[12] To determine if the choice-of-law in the contract shall govern, the Illinois' law is applied, for the parties choice of law may be substituted by the laws of another place or country, but only if the substituted law represents no danger, inconvenience, is immoral or contrary to public policy of Illinois.  Vencor, Inc. v. Webb, 33 F.3d 840, 844-45 (7th Cir. 1994).

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 15

---

Such concept serves no certainty the provisions of Puerto Rico Law No. 75 and its public policy will in effect be entertained in the Illinois action between the parties to the present lawsuit or that the choice-of-law provision of Law No. 75 will govern in any lawsuit between plaintiff and herein defendant.[13]

Defendant herein Ace Hardware might have initially provided arguments to the Court about the concurrent litigation, the witnesses, and the documentary evidence for the court to construe these factors as favoring transfer and initially meeting its burden of proof under Section 1404. However, defendant Ace Hardware has not defeated the contention of public policy of Law No. 75, that defendant is contractually prohibited from bringing this Law No. 75 claim in another forum, for which the presumption of plaintiffs' choice of forum and the choice-of-law to be applied should prevail and venue be deemed proper in this federal court.

Thus, after analyzing all the factors provided by Section 1404(a), they are considered insufficient to transfer this case as requested by defendant.

## CONCLUSION

In view of the foregoing, defendant's Motion Requesting Dismissal under Rule 12(b)(3) is DENIED. (Docket No. 11).

IT IS SO ORDERED

In San Juan, Puerto Rico, this 14th day of November of 2011.

                                                s/CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ-RIVE
                                                UNITED STATES MAGISTRATE JUDGE

---

[13] When sitting in diversity, federal courts are bound to follow the substantive law of the state; consequently, state courts' interpretations of state law are binding on federal courts. Erie R. Co. v. Tomkins, 304 U.S. 64, 72-73, 58 S.Ct. 817 (1938).