IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CAGUAS LUMBER YARD INC., D/B/A
FERRETERIA MASSO DE CAGUAS,
FERRETERIA MASSO VILLA,
FERRETERIA MASSO CUPEY,
FERRETERIA MASSO HATILLO,
FERRETERIA MASSO PLAYA,
FERRETERIA MASSO BAYAMON,
MODELOS MASSO AND ALMACEN
MASSO DE CAGUAS, and
MASSO EXPO, CORP. D/B/A                    CIVIL NO. 11-1684 (GAG/CVR)
FERRETERIA MASSO SAN LORENZO,
also D/B/A FERRETERIA MASSO
CAYEY,

    Plaintiffs,

    v.

ACE HARDWARE CORPORATION,
ACE HARDWARE INTERNATIONAL
HOLDING, LTD.,

    Defendants.

## REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiff Caguas Lumber Yard d/b/a Ferretería Massó (hereafter plaintiff "Caguas Lumber Yard") is a corporation doing business operations through several entities and store sites in the Commonwealth of Puerto Rico. Defendant Ace Hardware Corporation is a corporation under the laws of Delaware, with principal place of business in Oak Brook, Illinois. Defendant Ace Hardware International Holding, LTD, is a newly created foreign company organized with limited liability and existing under the law of Bermuda. Both

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 2

corporations will be referred hereafter as "defendant Ace Hardware". (Docket No. 1, p. 3, ¶4; p. 4 ¶6).

Plaintiff Caguas Lumber Yard filed this action against defendant Ace Hardware under diversity jurisdiction in regards with the breach of contract and wrongful termination of its dealers' contract, pursuant to Law No. 75 of June 24, 1964. 10 L.P.R.§278, and the Puerto Rico Civil Code. (Docket No. 1).

On October 3, 2011, defendant Ace Hardware filed a Motion for Change of Venue under 28 U.S.C. §1404. (Docket No. 11). On the same day, the motion for change of venue was referred to this Magistrate Judge for disposition noting the Magistrate Judge can rule on said motion and grant or deny the transfer of venue, given that this motion is "non-dispositive" in nature, as per 28 U.S.C. sec. 636. See e.g., Whitney Lane Holdings, LLC v. Don Realty, LLC, 2009 WL 6315323 at *17 n. 33 (N.D.N.Y Oct. 27, 2009); Pemrick v. Stracher, 1992 WL 697636 at *1 (N.D.N.Y. Mar. 27, 1992). (Docket No. 12).

On October 11, 2011, defendant Ace Hardware filed a Motion Requesting Dismissal under Rule 12(b)(3) or in the alternative for Change of Venue under 28 U.S.C. Sec. 1404. (Docket No. 20). In this motion, defendant Ace Hardware raises a dismissal request for the first time and re-instates its prior request for change of venue as raised in Docket No. 11. On November 1, 2011, plaintiff Caguas Lumber Yard filed its response in opposition to defendant's request for dismissal and/o for change of venue. (Docket No. 26).

On October 26, 2011, the second motion for change of venue and/or dismissal was referred to this Magistrate Judge for disposition and/or report and recommendation. The

undersigned was asked first to address the non-dispositive matter, *ie*, the change of venue or transfer to another district. If warranted, there would be no need to address the dismissal matter. (Docket No. 24).

Pursuant to the above mentioned referrals, the original change of venue request (Docket No. 11) was addressed and DENIED pursuant to an Opinion and Order at Docket No. 30. Thus, we now discuss in this report and recommendation the dismissal portion of Ace Hardware's "Motion Requesting Dismissal under Rule 12(b)(3) or in the alternative for Change of Venue under 28 U.S.C. Sec. 1404." (Docket No. 20). The change of venue request included in Docket No. 20 is deemed moot in light of the Opinion and Order at Docket No. 30.

## LEGAL DISCUSSION

**A.      Background.**

Defendant Ace Hardware submits in its motion requesting dismissal under Fed.R.Civ.P. 12(b)(3) or in the alternative, for change of venue under Section 1404(a), there is a prior action to the present case which was filed on April 28 2011, in the United States District Court for the Northern District of Illinois, involving the same business relationship and the parties that are present in this federal court.

In the Illinois case, ACE International, as assignee of herein defendant Ace Hardware, seeks redress for breach of contract and collection of monies from plaintiff Caguas Lumber Yard arising from the same agreements as in the action filed in this federal court. It is defendant Ace Hardware's contention that plaintiff Caguas Lumber Yard may

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 4

file the present action as a counter-claim in the Illinois case for which dismissal herein will be appropriate.[1]

**B.     Dismissal under Rule 12(b)(3).**

Defendant Ace Hardware submits in support of dismissal the doctrine followed when two similar actions are pending in different courts. Accordingly, the first case filed of the two pending cases takes priority in the absence of special circumstances or a balance of convenience in favor of the case filed later.

Federal Rule of Civil Procedure 12(b)(3) provides:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
....
(3) improper venue;
....

When dealing with a motion to dismiss and for improper venue, the discussion of whether the triggering event as to a contract that was negotiated and formed outside of Puerto Rico was briefly discussed at district level and on appeal. Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 41 (1st Cir. 2001). The Court of Appeals for the First Circuit ruled therein that a distinction between a tort and a contract was immaterial to the requirements for venue.

Reference is made below to the statute as amended in 1990 in order to broaden the venue provisions, stating that:

---

[1] In the alternative, defendant submits that, under Section 1404(a), change of venue is the proper course of action for the Illinois case was filed first.

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 5

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought. Title 28, United States Code, Section 1391(a).

With respect to a corporation, Section 1391(c) provides that for purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Towards this end, defendant Ace Hardware is subject to personal jurisdiction in Puerto Rico, and as such, may be considered either to be a resident of Puerto Rico or one who is subject under the long-arm statute to be brought before this federal forum in this action and, thus, meets the first above provision of 1331 (a)(1), that is, a judicial district where any defendant resides, if all defendants reside in the same State.[2]

The First Circuit Court of Appeals indicated as to subsection (2) above, that is, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, one must look not to a single "triggering event" prompting the action, but to the entire sequence of events underlying the claim citing to First of Michigan Corp. v. Bramlet, 141 F.3d 260, 263-64 (6th Cir. 1998) (concluding that the district court misapplied the statute

---

[2] The general purpose of statutorily specific venue is "to protect the defendant agianst the risk that a plaintiff will select an unfair or inconvenient place of trial". Leroy v. Great W. United Corp., 443 U.S. 173, 183-84, 99 S.Ct. 2710 (1979).

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 6

in basing its determination of improper venue "on a single occurrence which directly gave rise to the plaintiff's action"). Furthermore, the court is not required to determine the best venue, merely a proper venue, for venue may be proper in any number of districts. *See* Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1 (1st Cir. 2009).

A perusal of the grounds for the claims between plaintiff Caguas Lumber Yard and defendant Ace Hardware, in summary, shows the following[3]:

- Throughout the years since 1980, Ace Hardware and plaintiff have entered into Membership Agreements for the purchase of Ace products for resale in plaintiff's stores in Puerto Rico. These Membership Agreements are the ones subject of the Verified Complaint filed in this district.

- On January 2011, plaintiff's Membership Agreements were assigned by Ace Hardware to Ace International which plaintiff consented to.

- Ace Hardware's world-wide headquarters and its principal place of business through the entire duration of its relationship with plaintiffs have been in Oak Brook, Illinois.

- All Ace Hardware's and Ace International's decisions with respect to plaintiff were made in Illinois.

- Plaintiff has directed correspondence and contractual payments related to the Agreements from Puerto Rico to Illinois.

---

[3] The arguments are similarly raised as to venue under Section 1404(b).

Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 7

- Plaintiff, being a corporation under the laws of Puerto Rico, has been since 1987 the sole and exclusive dealer in Puerto Rico of Ace Hardware.

- Plaintiff has been eligible thereunder to purchase merchandise and use the "ACE" trademark and brand name, holding shares of stock and entitled to receive patronage dividends which are distributed on a yearly basis.

- Plaintiff and Ace Hardware agreed, to secure payment of any indebtness, the latter will retain a first lien upon and a right of set-off against all moneys paid on the subscription and upon all shares of capitol stock issued to plaintiff.

- During the past twenty-four (24) years, plaintiff developed a clientele for ACE's products in the Puerto Rico market. Meanwhile, plaintiff has also ordered products from Ace, maintained an inventory of said products in its warehouse in Puerto Rico, sold and distributed these products, marketed and advertised the products in Puerto Rico, took the risk in the sale of the products, among others, to maintain "ACE" brand and goodwill by clients and consumers in Puerto Rico.

- Substantial part of the events giving rise to plaintiff's claims against defendants occurred in Puerto Rico. Plaintiff's Verified Complaint refers to the annulment of the Subscription Agreement and Collateral Notice of Termination and Letter of Director, as well as Assignment and Amendment Agreement which plaintiff claims was signed under intimidation and coercion from defendants around December 1, 2010.

The Court of Appeals has stated that the third alternative above as to Section 1391, that is, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought, is considered only in the event the first two provisions fail to provide an appropriate forum. Uffner v. La Reunion Francaise, S.A., 244 F.3d 38 (1st Cir. 2001).

The above discussion shows under Section 1391, the first two items may be met in the instant case, for which there is no need to further discuss the third prong. The last proviso of §1391 is a fallback provision that can only be used when, and only when, there is no district in which a case otherwise could be brought in accordance with the venue statutes. 14 D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §3806.2 at 233 (3rd Ed. 2007).

In view of the above, in the case before this Court there is proper jurisdiction and requirements met both as to venue in the Commonwealth of Puerto Rico, as well as in the Illinois court, making dismissal of the complaint under Fed.R.Civ.P. 12(b)(3) not appropriate for improper venue considerations.

## CONCLUSION

Accordingly, it is recommended that defendant Ace Hardware's "Motion Requesting Dismissal under Rule 12(b)(3) or in the alternative for Change of Venue under 28 U.S.C. Sec. 1404" (Docket No. 20) be DENIED.

IT IS SO RECOMMENDED.

<u>Caguas Lumber Yard, Inc., et al. v. Ace Hardware Corp., et al</u>
Civil No. 11-1684 (GAG)
Opinion and Order
Page No. 9

      The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). *See* <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

      In San Juan, Puerto Rico, this 14th day of November of 2011.

                                    s/CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ-RIVE
                                    UNITED STATES MAGISTRATE JUDGE